Isadore **APPELL**

v.

The **UNITED STATES.**

No. 48948.

United States Court of Claims,
Feb. 8, 1955.

Monroe Oppenheimer, Washington, D. C., for plaintiff. Sher, Oppenheimer & Harris and James H. Heller, Washington, D. C., were on the briefs.

Francis X. Daly, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

MADDEN, Judge.

In our first decision of this case on January 5, 1954, we held that the plaintiff, having withdrawn his resignation of his commission in the Organized Reserves, still had the status of a Reserve officer, and was entitled to be paid the salary of his rank during the later period when he served in the Army as a draftee.

On May 4, 1954, we reversed our judgment in favor of the plaintiff, see 120 F. Supp. 772, 128 Ct.Cl. 708. We had observed that the period of active duty in

which the plaintiff was serving at the time of his wrongful separation from the Army would have expired on December 1, 1941, and that he was not entitled to pay after that time unless he had been recalled to active duty. We made an express inquiry of the parties as to whether, by any order or directive, the active duty periods of Reserve officers had been extended, and received no information that there had been any such order.

Some months later the plaintiff, having discovered what we had asked the parties to look for, made the present motion. He now cites Executive Order No. 9049 of February 6, 1942, which reads as follows:

"Executive Order

"Ordering Certain Organizations and Units of the Organized Reserves into the Active Military Service of the United States

"Under and by virtue of the authority vested in me by Public Resolution 96, approved August 27, 1940, 54 Stat. 858, as amended by Public Law 338, 77th Congress, approved December 13, 1941, and by the National Defense Act of 1916 (39 Stat. 166), as amended, and as Commander in Chief of the Army of the United States, I hereby order into the active military service of the United States, effective on dates to be hereafter announced by the Secretary of War, for the duration of the present war and for six months after the termination thereof, subject to earlier relief or discharge, each of the organizations and units and all of the personnel of the Organized Reserves not already in such service.

"Franklin D. Roosevelt
"The White House,
"February 6, 1942
"(No. 9049)"

The plaintiff says that, if it had not been for the Army's having wrongfully stricken the plaintiff from the Reserve rolls, he would, pursuant to this order, have been called to active duty and would have been serving as a commissioned officer during the period for which he seeks the pay of such an officer.

The Government says that, since the Executive Order says that the order into active service was only to be "effective on dates to be hereafter announced by the Secretary of War," and since the plaintiff was not in fact called, he is not entitled to pay.

Of course the plaintiff was never called, since he had been wrongfully stricken from the Reserve lists. Of course it is not absolutely certain that he ever would have been called, if he had been on the Reserve lists. But we think it is a practical certainty that he would have been called. We have found that he was an honest, honorable and loyal officer. He had been a satisfactory member of the Organized Reserves for 10 years. His difficulties with his superiors, which led up to the resignation incident, arose out of ineptness in supervising drivers of Army trucks, not an easy assignment. We cannot reasonably assume that an Army, called upon to train in great haste some thirteen million soldiers, would not have found a place for an officer with as much training and experience as the plaintiff had.

Our conclusion is that the plaintiff was prevented from serving as a commissioned officer and receiving the pay of such an officer by the Army's wrongfully striking his name from the list of officers. He is entitled to be paid an officer's pay for the period for which he sues, less the amount which he received as a private soldier.

The plaintiff's motion is granted. Entry of judgment will be suspended to await a report from the General Accounting Office showing the amount due.

It is so ordered.

JONES, Chief Judge, and LARAMORE, WHITAKER and LITTLETON, Judges, concur.